■ JACK SAWYER, Appellant, v. BECK INDUSTRIES, INC., et al., Respondents. — The motion of defendants-respondents to strike a certain affirmation from the record on appeal is granted, with $20 costs. That affirmation was not recited in the order appealed from, and no application was ever made to Special Term to recognize it as part of the record. Fortunately for plaintiff-appellant, it is not essential to his case. However, because of the unwarranted inclusion in the record of the stricken paper, plaintiff-appellant is denied costs of this appeal. Concur — McGivern, J. P., Markewich, Nunez, Murphy and Eager, JJ.

■ In the Matter of PATRICIA SIDMAN, Appellant, v. STEPHEN L. SIDMAN, Respondent.— Appeal from order of the Family Court of the State of New York, New York County, entered on February 14, 1972, unanimously dismissed, without costs and without disbursements, the order being nonappealable as of right and no permission to appeal having been obtained (Family Ct. Act, § 1112). We have not considered the merits since this is a temporary order. Concur — McNally, J. P., Steuer, Tilzer, Eager and Capozzoli, JJ.

■ In the Matter of the Arbitration between SHAMROCK CASUALTY COMPANY, Appellant, and MODESTO VAZQUEZ, SR., et al., Respondents.— Order, Supreme Court, New York County, entered January 24, 1972, granting in part petitioner's application for a stay of arbitration by directing a trial of a limited issue is unanimously modified, on the law and facts and in the exercise of discretion, to direct a trial of the issue as to whether or not proper notice was given by respondent to petitioner according to law, and otherwise affirmed, without costs and without disbursements. The order directs a trial of the issue of whether or not the taxicab was covered by primary insurance. It was conceded in appellant's brief and stated on the argument that there was no coverage and that the order directing a trial on that issue is therefore moot. Accordingly, we amend the order to direct a trial of the issue as to whether or not proper notice was given by respondent to petitioner according to law. This issue is raised by the record. Concur — McNally, J. P., Steuer, Tilzer, Eager and Capozzoli, JJ.